## The STOLLE CORPORATION, Plaintiff,

v.

## BRYANT SYMONS & CO., et al., Defendants.

### No. C–3–87–280.

United States District Court, S.D. Ohio, W.D.

July 7, 1988.

Glenn V. Whitaker, Trial Atty. (Graydon, Head & Ritchey, of counsel), Cincinnati, Ohio, for plaintiff.

R. Joseph Parker, Cincinnati, Ohio, for Bryant Symons & Co.

Bruce C. Recher, Henson & Efron, P.A., Minneapolis, Minn., for Duncan Co.; Robert E. Portune, Dayton, Ohio, of counsel.

Norman I. Klein, Goldman, Carlet, Garrison, Bertoni & Klein, Clifton, N.J., for Micro–Inch Mach., Inc.

DECISION AND ENTRY OVERRULING MOTION OF DEFENDANT BRYANT SYMONS & COMPANY SEEKING ORDER OF COURT DISMISSING IT AS PARTY DEFENDANT FOR ALLEGED LACK OF THIS COURT'S SUBJECT MATTER JURISDICTION (DOC. #22); EXPANDED OPINION TO FOLLOW; MOTION TO STAY DISCOVERY PENDING DISPOSITION OF AFORESAID MOTION (DOC. #41) DEEMED MOOT

RICE, District Judge.

This case is before the Court on the Motion to Dismiss of Defendant Bryant

Symons and Company. The Court concludes that oral argument is not necessary and declines to grant the request therefor of Defendant Bryant Symons & Company. Based upon thorough consideration of the applicable reasoning and citations of authority set forth in the memoranda of the parties, as well as upon the affidavits offered by the Plaintiff and by Defendant Duncan Company in opposition to the Motion of Defendant Bryant Symons & Company seeking an Order of the Court dismissing it as a party Defendant to the Plaintiff's Complaint, based upon this Court's alleged lack of subject matter jurisdiction (Doc. # 22), said motion filed pursuant to Fed.R.Civ.P. 12(b)(2), this Court deems said motion to be not well taken and same is, therefore, overruled in its entirety.

■ Suffice it to say at this point that this Court has concluded that the moving Defendant, Bryant Symons & Company, *is* subject to the *in personam* jurisdiction of this Court because:

1. Bryant Symons & Company is subject to Ohio's long arm statute, Ohio Rev. Code § 2307.382(A)(1) and (5); and

2. The maintenance of this breach of warranty action in Ohio, regarding Bryant Symons' products, is not unconstitutional, as violative of due process and fairness, because Bryant Symons' direct and indirect contacts with the state of Ohio are significant, because it engaged in purposeful marketing activity directed toward United States markets, including Ohio, and because it is not unreasonable to require an overseas manufacturer to defend itself in a forum when its products allegedly cause injury, when it (the overseas manufacturer) intended to develop and to serve the market in the forum and when it reasonably should have foreseen the prospect of suit if its products performed inadequately.

Prior to the chain of orders being placed on the lathes in question, Bryant Symons & Company determined to sell its products in the United States, not through its own corporate organization, but through an exclusive distributor. In furthering this deliberate choice to sell its equipment in United States markets, Bryant Symons & Compa-

ny required its distributor (the Defendant, Micro–Inch Machinery, Incorporated) to "promote and extend" the sale of Bryant Symons' products "throughout" the United States. Bryant Symons' equipment, pursuant to orders placed from its distributor, was shipped by Bryant Symons & Company directly to the United States and ultimately to Ohio. Prior to the shipment, Bryant Symons was apprised that the end user of certain of its machinery would be the Plaintiff corporation which was located in Ohio. Bryant Symons & Company derived substantial revenue from the use of its equipment in the state of Ohio, some 600,000 British pounds. These contacts, together with the fact that Bryant Symons' own employees were physically present in Ohio in their visits to the Plaintiff's plants to install and service the equipment in question, are sufficient, in and of themselves to confer jurisdiction.

The sale of the equipment in question by Bryant Symons into the United States in an effort to derive profits from overseas trade reasonably should have alerted Bryant Symons to the prospect of suit in Ohio and elsewhere, should its equipment have malfunctioned.

■ Bryant Symons had more than sufficient "minimum contacts" with the forum state to make the exercise of jurisdiction by the forum state, Ohio, consistent with due process. The use of independent distributors so that the manufacturer is only indirectly responsible for the product reaching the injured consumer, in and of itself, will no longer insulate a non-resident foreign corporation from suit. *Poyner v. Irma Werke GMBH*, 618 F.2d 1186 (6th Cir.1980). Damages caused by malfunctioning articles imported through independent distributors fall, within that class of litigation with which the forum state has a deep interest in adjudicating.

WHEREFORE, based upon the aforesaid, the Motion of the Defendant, Bryant Symons & Company, seeking an Order of the Court, pursuant to Fed.R.Civ.P. 12(b)(2), dismissing the Plaintiff's Complaint as to it, upon the ground of this Court's alleged lack of subject matter juris-

diction (Doc. # 22), is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety. The captioned cause may proceed against Bryant Symons & Company, as well as against the two co-defendants.

Based upon the aforesaid, the Motion of the Defendant, Bryant Symons & Company, seeking an Order of the Court staying discovery pending disposition of the aforementioned motion (Doc. # 41) is deemed to be moot and same will, therefore, not be ruled upon. Discovery and/or all other pretrial procedures may now commence in earnest, in the hope that the previously set trial date of September 26, 1988, can be met.